FILED
JUL 19 2006
U.S. COURT OF
FEDERAL CLAIMS

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| F.I.M. CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 06-532 L<br><br>**COMPLAINT FOR:**<br><br>1. Just Compensation<br>2. Damages<br><br>(28 U.S.C. §1491) |

F.I.M. Corporation, plaintiff in the above captioned action, hereby alleges as follows:

**JURISDICTION**

1. 28 U.S.C. § 1491 provides that this Court shall have jurisdiction over any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, *inter alia*. Jurisdiction over this matter is conferred by Section 1491 in that:

A Defendant is the United States and agent of the United States acting for and on behalf of the United States;

B. The acts of defendant alleged below constitute a taking of property within the meaning of the Fifth Amendment to the Constitution of the United States for which compensation is due and owing. The First Cause of Action, alleging said taking are founded, therefore upon the Constitution of the United States. The provisions of the just compensation clause of the Fifth Amendment are self-executing, and the remedy established is the payment of compensation.

2. The claims herein stated involve a term grazing permit ("the permit") issued pursuant to regulations of the Executive Department authorized by, or purported by defendant to be authorized by, various Acts of Congress. The permit was issued to the plaintiff by the United States Forest Service of the Department of Agriculture ("USFS").

3. 43 U.S.C. § 1752, subsection (g) mandates payment as alleged in the Second Cause of Action below.

**PARTIES**

4. Plaintiff F.I.M. Corporation is a corporation, duly incorporated under the laws of the State of Nevada and is owner of various ranch properties in the States of California and Nevada ("the Ranch"), of the water rights, forage rights, access rights, and range improvements described below, and was the holder of the permit.

5. Defendant United States administers the federal lands referred to herein through the USFS.

**STATUTES AND REGULATIONS AT ISSUE**

6. The United States Congress has established a policy for the use of federal lands through a system of statutes designed to ensure multiple use of federal lands. A major and principal purpose of said statutes is to protect the rights of persons grazing livestock on federal

lands, to protect the rights of persons who have acquired water rights and other property rights on federal lands under applicable laws and customs, and to provide stability to the livestock industry. This policy is embodied in a number of statutes.

7. Among the federal statutes directly at issue or directly related to the issues herein alleged, or which reflect the federal policies with regard to respect to the protection the rights of persons who have acquired water and other rights on federal lands under applicable laws and customs contained in the statutes directly at issue, are, *inter alia*:

A. 43 U.S.C. § 315, *et seq.*, 383, 661, 1181a, *et seq.*, 1701, *et seq*, 1751-1753, 1901-1908; 43 U.S.C. § 1751, *et seq.*; 43 U.S.C. § 1752, subsection (g); and 43 U.S.C. § 1901, *et seq.*

B. Regulations issued by the USFS are relevant to the issues raised herein.

**GENERAL ALLEGATIONS**

8. In 1972, plaintiff, F.I.M. Corporation acquired all right, title and interest to the Ranch, including water rights, range rights, forage rights, access rights, and range improvements on the base property, as well as on the appurtenant federally administered grazing allotment, known as the Bloody Canyon Allotment.

9. The Ranch, located in Nevada and California, consists of approximately 15,000 deeded acres owned by plaintiff in fee simple. It is the base property for grazing allotments on lands administered by the USFS, including the Bloody Canyon Allotment.

10. At the time at which plaintiff acquired the Ranch, it also acquired rights to water in Nevada and California, which rights are appurtenant to said ranch. Among the water rights acquired by plaintiff are rights to waters originating in or found in the Bloody Canyon Allotment.

The water rights were lawfully acquired by plaintiff's predecessors-in-interest or by plaintiff. Plaintiff have all rights to said water for all purposes. Defendant has no legal or equitable right or interest in said water.

11. Meaningful access to the water owned by plaintiff is essential to the economic viability of the Ranch.

12. The Ranch is family owned and operated. The Fulstone family consists of Fred Fulstone, his daughter, Marianne F. Leinassar, and her two children, all of whom participate or have participated in one manner or another in the operation of the Ranch. Plaintiff also employs approximately 18 persons on a full-time basis to operate the Ranch.

13. To maintain economic viability of the Ranch, as is true for all ranching operations, plaintiff must be able to plan for the number of permanent and seasonal employees they must hire, the times at which such employees will be needed, capital expenditures, consumables expenditures, needs for leasing additional pasturage, acquisitions of stock, and other expenses with a reasonable degree of certainty. Any contracts, licenses, permits, or other agreements entered into between plaintiff and defendant or between plaintiff and any other parties which contemplate movement of livestock on to and off the allotment, other livestock control measures, and repair, maintenance, or installation of facilities and improvements, must, therefore, be sufficiently definite to permit such planning in accordance with normal industry practices and professional standards. Congress specifically intended to and did take its legislative actions with respect to use of the federal lands in order to provide such definiteness and certainty.

14. Defendant is aware of the needs of plaintiff for reasonable certainty and predictability in permitting decisions. Actions by defendant which are intended to or otherwise do interfere with or otherwise make it difficult or impossible to carry out such normal planning and implementation defeat the purpose of said agreements, contracts, permits or other commitments.

15. The Ranch has been in operation since at least 1920, and a valid grazing permit was issued to the then owners of the Ranch for grazing on the Bloody Canyon Allotment. This permit was issued in recognition of the prior regular use of the rangelands adjacent to the Ranch's base properties. Prior regular use of the range was the result of the Ranch's ownership of the water rights on that portion of the range. Ownership of the stock water rights had been established by the prior appropriation doctrine embodied in local law and rules of the court.

16. At or about the same time that plaintiff acquired the Ranch, it also lawfully acquired the permit, and the preferences and water rights upon which they were based, in accordance with the applicable statutes and USFS procedures. The Ranch is the base property for the permit and grazing authorizations.

17. The permit and grazing authorizations were issued by the USFS pursuant to various statutes and regulations. Said statutes are part of a comprehensive and integrated scheme establishing a consistent federal land use and grazing policy for the United States. The policies embodied therein pervade the federal land use scheme developed by Congress and do not change with administering agency.

18. The permit and authorizations recognize the right of plaintiff to graze sheep on the Bloody Canyon Allotment administered by the USFS.

19. An allotment is a designated area of land available for livestock grazing.

20. The right to graze sheep acknowledged in said permit is limited only by the terms of the permit, the legislation under which the permit was issued as it existed at the time at which the permit was issued, the valid regulations existing at the time at which the permit was issued, and such other applicable laws existing at the time at which the permit was issued, including the statutory and common law governing contracts, and the Constitution of the United States.

21. Similarly, the right of the USFS to alter, amend, or otherwise adversely affect the permit is limited by the same statutes, regulations, statutory and common laws and the Constitution. The right of Congress to alter, amend, or otherwise legislate with respect to or adversely affect the permit and such property as plaintiff may own is similarly limited by the provisions of the Constitution. Said statutes, regulations, laws, and Constitution, combined with the expenditures made and actions taken by plaintiff in reliance thereon give rise to reasonable, investment-backed expectations.

22. On July 12, 2000, the USFS cancelled plaintiff's permit to graze the Bloody Canyon Allotment, in order to protect an alleged endangered specie, the Sierra Nevada Bighorn Sheep, which conduct is and was intended to do the following and/or which has the effect of doing the following without respect to defendant's intent:

A. Acquiring the water located on or originating on lands administered by defendant, including lands administered by the USFS, to which plaintiff had sole rights;

B. Transferring plaintiff's rights in their water and in their forage to the USFS;;

C. Interfering with the ability of plaintiff to economically operate, and preventing plaintiff from economically operating, the Ranch;

D. Interfering with plaintiff's ability to comply with the terms of the permit and preventing plaintiff from doing so;

E. Interpreting, applying, and enforcing the terms of the permit and grazing authorization in a manner which is intended to or does defeat the intended purpose of the Lease and authorization and their underlying statutory scheme;

F. Acquiring and destroying the value of the permit;

G. Destroying plaintiff's reasonable, investment-backed expectations;

H. Preventing plaintiff from making economically viable use of the Bloody Canyon Allotment administered by the USFS.

23. Defendant has likewise engaged in a pattern and practice of physically taking plaintiff's private property for a public purpose without just compensation, which conduct was intended to do the following or which has the effect of doing the following without regard to defendant's intent:

A. Acquiring plaintiff's water located on or originating on lands administered by defendant, including lands administered by defendant, the USFS to which plaintiff has sole rights;

B. Transferring plaintiff's rights in their water to the USFS;

C. Acquiring and destroying the value of the Ranch;

D. Preventing plaintiff from making economically viable use of their term permit on land administered by the USFS.

24. Plaintiff has voluntarily engaged in efforts to improve the condition of the range. Plaintiff has also spent considerable resources to hire range consultants to improve its understanding and management of rangeland resources, to minimize the impact of its authorized grazing activities on the rangelands and to ensure that its activities comply with the terms and conditions of the permit. Plaintiff and its predecessors in interest have constructed range improvements on the Bloody Canyon Allotment at a cost of more than $10,000.

25. Plaintiff has made every reasonable effort to comply with the terms and conditions of the permit and with defendant's directives, even where doing so detrimentally affected normal and accepted operation of the Ranch. At the same time, plaintiff has reserved its rights to challenge defendant's actions while engaging in such administrative courses of action available to plaintiff and requesting evidentiary hearings before said agency, which requests are still pending. Plaintiff has exhausted its administrative remedies.

26. Even had plaintiff not exhausted its administrative remedies, further administrative appeals would be futile in that defendant's actions have rendered any remedy other than damages and compensation inadequate. No administrative remedy would restore the economic viability of plaintiff's enterprise.

## FIRST CAUSE OF ACTION

### Taking of Property Without Just Compensation

27. Paragraphs 1-26 are incorporated herein by reference as though fully set forth herein.

28. Assuming the actions alleged in paragraph 22 to be lawfully taken, defendant's actions constitute either a temporary or permanent taking of plaintiff's property for which

compensation is due within the meaning of the Fifth Amendment to the United States Constitution.

29. Defendant has taken plaintiff's rights in water found or originating on federal lands in that:

A. Plaintiff's rights to water found on or originating on the allotment administered by the USFS are property rights within the meaning of the Just Compensation clause of the Fifth Amendment, which water rights carry with them all of the incidents normally accompanying such rights;

B. Defendant's actions alleged herein, each and severally, have prevented plaintiff from having access to said water necessary to enable plaintiff to make beneficial use of said water;

C. Defendant's actions alleged herein, each and severally, have physically appropriated waters and forage belonging to plaintiff for defendant's own use and the use of third parties;

D. Defendant's actions alleged herein, each and severally, have physically appropriated grazing lands, forage, and water belonging to plaintiff for defendant's own use and the use of third parties.

## SECOND CAUSE OF ACTION

### Compensation Pursuant to 43 U.S.C. § 1752, Subsection (g)

30. Paragraphs 1-29 are incorporated herein by reference as though fully set forth herein.

31. 43 U.S.C. § 1752, subsection (g), provides that the owners of permits issued pursuant to the Federal Lands Policy and Management Act shall be compensated for the value of

their interests in authorized permanent improvements placed or constructed by said permitees on their allotments when said permits are cancelled in whole or in part in order to devote said allotments to another public purpose. Except in cases of emergency, such cancellation may not occur without two years prior notification.

32. The actions of defendant amount to a cancellation of plaintiff's permit to dedicate the land subject to plaintiff's permit to a different public use including, but not limited to, converting the Bloody Canyon Allotment into habitat for the Sierra Nevada Bighorn Sheep.

33. The actions of defendant in cancelling the permit amount to a taking of plaintiff's permit and property rights to dedicate plaintiff's grazing allotment to another public purpose, including, but not limited to use as a habitat for Sierra Nevada Bighorn Sheep, to the exclusion of grazing of domestic sheep.

**DAMAGES**

34. Paragraphs 1-33 are incorporated herein by reference as though fully set forth herein.

35. As a result of said actions, plaintiff has sustained damages and is entitled to compensation in at least the following amounts:

A. For temporary takings to date of $600,000;

B. For the taking of plaintiff's water rights, $6,000,000;

C. For the taking of plaintiff's forage and grazing allotment, $1,000,000;

D. In costs and damages sustained as a proximate result of defendant's interference with the contract and normal ranching operations, including but not limited to, fees for leasing

other lands, feed costs, lost opportunity costs, lost profits, loss of good will, acquisitions of livestock, and other capital and non-capital expenses, $1,000,000;

E. The value of plaintiff's range improvements in the amount of $14,000; and

F. Interest on the compensation from the dates of the takings as determined by the Court and interest on the damages from the date of judgment.

G. Attorneys fees and costs, according to proof.

WHEREFORE plaintiff respectfully pray as follows:

That the Court award compensation to plaintiff for a taking of property in the amount of at least $2,714,000, or in such amounts as proved at trial;

That the Court award damages to plaintiff for the value of plaintiff's range improvements in the amount of $14,000;

That the Court award attorney's fees and costs to plaintiff; and

That the Court grant such other relief as it deems proper.

DATED: July 19, 2006

By ____________________
Lyman D. Bedford
Attorney of Record for
F.I.M. Corporation

McQUAID BEDFORD & VAN ZANDT, LLP
221 Main Street, 16th Floor
San Francisco, CA 94105
Tel: 415/905-0200
Fax: 415/905-0202
Email: lbedford@mbvz.com

*(continued)*

OF COUNSEL:

Michael J. Van Zandt
McQUAID BEDFORD & VAN ZANDT, LLP
221 Main Street, 16th Floor
San Francisco, CA 94105
Tel: 415/905-0200
Fax: 415/905-0202
Email: mvanzandt@mbvz.com